UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KELLI MOORE, | ) | |
| CHARLES MOORE, | ) | |
| J. S. M., | ) | |
| J. L. M., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00089-JPH-MG |
| | ) | |
| CHARLA DAVIS, | ) | |
| REECIA BELLAMY, | ) | |
| LEIGH ANNE MOORE, | ) | |
| DAVID BALMER, | ) | |
| MONIQUE MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' BILL OF COSTS**

On July 11, 2025, the Court granted the motion for summary judgment filed by Defendants Charla Davis, Reecia Bellamy, Leigh Anne Moore, and David Balmer ("State Defendants"), dkt. 96, and entered final judgment in favor of all Defendants and against Plaintiffs Kelli and Charles Moore, dkt. 97. State Defendants have filed a motion for $3,511.10 in costs. Dkt. 98. Plaintiffs have not responded to this motion. For the reasons below, State Defendants' motion is **GRANTED**. Dkt. [98].

**I.**
**Applicable Law**

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—are to be allowed to the prevailing party." "Under Rule 54(d),

district courts enjoy wide discretion in determining and awarding reasonable costs." *Northbrook Excess & Surplus Ins. Co., v. Proctor & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

## II.
## Discussion

State Defendants seek $3,511.10 to reimburse their costs for each State Defendants' deposition transcript, the Moores' deposition transcript, and the videographer fees from the Moores' deposition. Dkt. 98-1 at 2. The Moores have not responded to the motion or contested the costs incurred by the State Defendants.

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Ogborn v. United Food & Com. Workers Union, Local No. 881*, 305 F.3d 763, 769 (7th Cir. 2002) (quoting Fed. R. Civ. P. 54(d)(1)). The State Defendants were the prevailing party when final judgment entered in their favor. Dkts. 96, 97. And State Defendants seek an award for costs authorized by statute. *See* 28 U.S.C. § 1920 (permitting award of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in this case"); *see also Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam) (affirming bills of costs for "video-recording and stenographic transcription" of a deposition). So, because State Defendants are prevailing parties, and because their costs are authorized by statute and reasonable and necessary to the

2

litigation, State Defendants' Bill of Costs is **GRANTED**. State Defendants are entitled to $3,511.10 in costs.

## III.
## Conclusion

State Defendants' motion for $3,511.10 in costs is **GRANTED**. Dkt. [98].

**SO ORDERED.**

Date: 8/18/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel